**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| SIEMENS GAMESA RENEWABLE ENERGY A/S,  ) ) ) )| |
| Plaintiff,  ) ) | |
| v.  ) ) ) | C.A. No. 1:21-cv-10216-WGY |
| GENERAL ELECTRIC CO.,  ) ) ) | |
| Defendant.  ) ) | |

**PLAINTIFF SGRE'S MOTION TO STRIKE IMPROPERLY RAISED DEFENSES BY
DEFENDANT GE IN RESPONSE TO THIS COURT'S APRIL 4, 2022 ORDER
CLARIFYING ITS CLAIM CONSTRUCTION**

## **TABLE OF CONTENTS**

I.    GE'S NEW INVALIDITY GROUNDS BASED ON OBVIOUNESS AND/OR
      ANTICIPATION SHOULD BE STRICKEN ...................................................................2

II.   GE'S NEW WRITTEN DESCRIPTION DEFENSES SHOULD ALSO BE
      STRICKEN ..............................................................................................................5

III.  GE'S NEW GROUND OF INEQUITABLE CONDUCT BASED ON ALLEGED
      IMPROPER INVENTORSHIP SHOULD ALSO BE STRICKEN ...................................7

IV.   CONCLUSION..........................................................................................................8

SGRE moves to strike (1) certain portions of the supplemental expert report of GE's purported technical expert, Dr. Alexander Slocum, which set forth completely new grounds of invalidity; and (2) GE's new defense of inequitable conduct set forth in its recently amended interrogatory response.  All of this information could have been, and should have been, disclosed by GE during fact and expert discovery.

On April 4, 2022, this Court clarified its construction of two terms of United States Patent No. 8,575,776 ("the '776 patent"): "hollow chamber" and "a circular inner base structure."  Dkt. 306.  At the pretrial conference, the Court said that the parties could provide supplemental expert reports relating to the claim-construction clarifications, but GE's just-served 63-page supplemental report and its amended interrogatory response encompass subject matter that GE not only has had for months but also that was clearly at issue since at least this Court's original claim-construction ruling.  Even though Dr. Slocum's opening report on validity is 427 pages long, Dr. Slocum's new supplemental invalidity report adds (1) five new grounds of invalidity based on obviousness and/or anticipation, even including a reference that he never previously raised as alleged invalidating prior art (see sections XI subsection E, XII subsections A through F) (hereinafter referred to as "the prior art grounds") and (2) two new grounds of invalidity based on alleged lack of written description under § 112 (see section XV subsections A and B) (hereinafter referred to as "the written description grounds."). Ex. A (Supplemental Expert Report of Alex H. Slocum, Ph.D., Regarding Invalidity of U.S. Patent No. 8,575,776).

As for its April 13, 2022, supplemental interrogatory response, GE is adding an entirely new defense of inequitable conduct based on alleged improper inventorship related to the asserted '776 patent. Ex. B (Defendant General Electric Company's Fourth Supplemental Responses and Objections to SGRE's Interrogatories (No. 8)).  Specifically, GE now contends,

based on this Court's claim-construction ruling, that all four inventors named on the '776 patent are liars.[1]

GE is improperly using this Court's claim-construction supplementation as an excuse to not only change its invalidity defenses but also to substantially beef them up. But it has ***no proper justification*** for doing so now, months after the close of fact and expert discovery and a mere few weeks before trial.

SGRE respectfully requests that this Court immediately strike certain portions of Dr. Slocum's supplemental expert report and GE's supplemental interrogatory response. Otherwise, SGRE will be prejudiced by being forced to prepare for two different trials – namely, the one it has been preparing for all along and the one GE now is attempting to create on the eve of trial.

## I.     GE'S NEW INVALIDITY GROUNDS BASED ON OBVIOUSNESS AND/OR ANTICIPATION SHOULD BE STRICKEN

The new invalidity grounds in Dr. Slocum's supplemental report are based on a European patent application called "Booth." These new grounds should be stricken for one simple reason, namely, GE has known about the Booth reference since it initially answered the Complaint over a year ago. If GE and Dr. Slocum wanted to assert invalidity based on the Booth reference, Dr. Slocum should have included that ground in his opening expert report on validity served on November 9, 2021.

Specifically, GE knew about the Booth reference early in this case. Indeed, GE referenced Booth in its initial Answer to the Complaint. Dkt. 70 at pp. 9-10. Additionally, GE's initial invalidity contentions (served in May 2021) asserted that the '776 patent stood anticipated and/or obvious (and thus invalid) based on the Booth reference. Ex. C (Defendant General

---

[1]  This is in addition to all of the other inequitable conduct claims that GE has already asserted in this action.  For example, GE asserts that all the '413 patent inventors are liars also, along with the patent agent who filed the '776 patent application and an inventor of the '776 patent, Henrik Stiesdal.

Electric Company's Preliminary Invalidity Contentions).  GE also relied on Booth in its now-withdrawn IPR petitions filed with the Patent and Trial Appeal Board ("PTAB") seeking to invalidate the '776 patent on the same grounds.  Ex. D (IPR2021-00723 at Paper 3).  Even Dr. Slocum's opening report on validity discusses the Booth reference in general, but GE and Dr. Slocum decided to forego invalidity allegations based on Booth, never contending in Dr. Slocum's report that Booth anticipates or renders the '776 patent obvious. Ex. E (excerpts from Expert Report of Alex H. Slocum, Ph.D., Regarding Invalidity of U.S. Patent Nos. 9,279,413 and 8,575,776) ¶ 155.  Clearly, GE and Dr. Slocum were on notice of the Booth reference when the expert reports were due on November 9, 2021, but Dr. Slocum failed to rely on Booth as a ground to invalidate the '776 patent.

SGRE expects that GE will try to justify adding all of these new grounds of invalidity relating to Booth by claiming that this Court's clarification of "hollow chamber" and "a circular inner base structure" necessitate the need for this supplementation.  But this argument has no merit.  This Court clarified that a "hollow chamber" is "hollow" or "empty" so long as at least some part of it is continuously empty or hollow and that it need not be entirely empty or hollow. And this Court clarified that "a circular inner base structure" need not be, but may be, constituted by one continuous piece.  Dkt. 306.  The following two points are critical.  First, neither clarification changed the Court's construction, but merely clarified a dispute between the parties that was evident in the summary judgment briefing.  Second, this clarification matches *exactly* what SGRE has been contending long before discovery closed and during the *Markman* phase of the case.  Specifically, during the *Markman* process, SGRE took the position that a "hollow chamber" or "empty space" does not have to be completely empty. Ex. F (Markman Tr., at p. 40 ("Your honor, it depends on—again this is an issue where GE, they're saying one thing about

'empty,' but they're really saying it's got to be 'completely empty,' as opposed to an area where it's partially empty"); *see also* Dkt. 99 at pp. 9-11 ("GE makes the assertion by narrowly and (improperly) defining 'hollow' to mean completely 'empty.'").  In fact, SGRE thought that the Court's original stated construction, namely, "empty space," was not limited to a completely empty space.

SGRE also took the position that "a circular inner base structure" does not need to be a single continuous piece.  Ex. F (Markman Tr., at pp. 31-35 ("Siemens, you want me to be very clear that it doesn't have to be a continuous . . .");  *see also* Dkt. 99 at pp. 3-7 ("GE will argue that its product's inner base structure is not a single rigid circular structure . . . This is simply an improper narrowing . . .").  Here again, SGRE thought that the Court's original stated construction, namely, "an inner base structure in the shape of a circle," was not limited to a single continuous piece.

As such, given that GE clearly knew how SGRE was interpreting the original stated constructions from this Court, and given that GE was well aware of the Booth reference at the time of the opening expert reports, GE and Dr. Slocum should have raised any Booth prior-art ground long ago, before discovery closed.  And to the extent GE and/or Dr. Slocum thought Booth invalidated claims of the '776 patent under SGRE's claim interpretation, Dr. Slocum should have provided an analysis under SGRE's interpretation of the construction and under GE's interpretation of the construction.  In fact, this is exactly what GE did with other alleged prior art.  Specifically, with regard to a reference called Feng in connection with the asserted '413 patent, GE clearly knew that its interpretation of this Court's stated construction of "an annular member" in the '413 patent was different than SGRE's interpretation of that same term,

and so Dr. Slocum analyzed the Feng reference in his opening report **under both sides'**

**interpretations**:

> I understand that, under SGRE's apparent infringement theory, SGRE takes the view that "an annular member" need not be "of the rotor hub." I disagree with the incorrect interpretation of the term "annular member." However, under SGRE's apparent theory, Feng discloses or renders obvious "an annual member" under SGRE's incorrect interpretation.

Ex. E ¶ 483. Dr. Slocum did the same thing with another reference, the Vensys reference:

> I understand that, under SGRE's apparent infringement theory, SGRE takes the view that "an annular member" need not be "of the rotor hub." I disagree with the incorrect interpretation of the term "annular member." However, under SGRE's apparent theory, Vensys discloses or renders obvious "an annular member" under SGRE's incorrect interpretation.

*Id.* ¶ 540. And yet, even though GE knew full well that SGRE was viewing "hollow chamber" and "a circular inner circular base structure" exactly as the Court clarified, and even though GE was well aware of Booth, Dr. Slocum failed to analyze the Booth reference under both interpretations as he had done with other references described above. This demonstrates that GE and Dr. Slocum made a conscious decision to ***not*** rely on Booth for invalidity and are now attempting to use this Court's clarification as a vehicle to change their invalidity case based on prior art grounds that they knew about all along. This Court should strike sections XI subsection E, and XII subsections A through F of Dr. Slocum's supplemental expert report directed to the new prior art grounds relating to Booth.

## II.   GE'S NEW WRITTEN DESCRIPTION DEFENSES SHOULD ALSO BE STRICKEN

The two written description defenses in Dr. Slocum's supplemental expert report on validity should also be stricken. Remarkably, one of them, which Dr. Slocum characterizes in his supplemental report as "there is no written description support for 'the hollow chamber is ventilated'" (Ex. A ¶¶ 131-37), is the exact same defense that Dr. Slocum already addressed in

his opening report on validity.  In his opening report, Dr. Slocum says that the '776 patent "requires that 'the hollow chamber is ventilated.'"  Ex. E ¶ 737.  He goes on to say that the '776 patent "does not disclose any way in which the claimed invention is 'ventilated.'"  *Id.* ¶ 738.  Thus, Dr. Slocum's supplemental report is trying to add to a topic that he already addressed in his opening report, which is improper.

SGRE expects that GE will argue that this Court's clarification of "hollow chamber" makes its supplementation proper.  Specifically, SGRE expects that GE will argue that the Booth reference (which has some of the same inventors as the '776 patent) shows ventilation of a hollow chamber, which according to GE highlights that the '776 patent does not describe ventilation.  But as demonstrated above, GE was well aware of the Booth reference before the opening report was served.  If Dr. Slocum wanted to include a discussion of Booth in his written description analysis of the "hollow chamber" limitation in his opening report he could have, but he chose not to.  And again, it makes no difference that the Court clarified its construction of "hollow chamber" because that clarification matched precisely what SGRE was arguing during the *Markman* proceeding, which GE was well aware of.

The other written description defense is directed to the term "a circular inner base structure."  Ex. A ¶¶ 138-41.  Here, GE is arguing that the Court's clarification of this term somehow results in the entire '776 patent being invalid for lack of written description.  Here again, GE's excuse for raising this issue now will be this Court's clarification that "a circular inner base structure" does not have to be a single continuous piece.  Dkt. 306.  But the problem for GE is that, again, it knew all along that this was how SGRE was interpreting "a circular inner base structure" and that SGRE's interpretation was different than GE's interpretation.  As such, Dr. Slocum could have and should have raised this written description ground in his opening

report on validity and analyzed the written description under what he knew was SGRE's interpretation, as he had done with other references described above.  This Court should strike section XV subsections A and B of Dr. Slocum's supplemental expert report directed to the written description grounds.

### III.    GE'S NEW GROUND OF INEQUITABLE CONDUCT BASED ON ALLEGED IMPROPER INVENTORSHIP SHOULD ALSO BE STRICKEN

GE's new ground of inequitable conduct based on alleged improper inventorship of the '776 patent, which GE set forth in its April 13, 2022, supplemental interrogatory response, should also be stricken.  In its initial answer to the Complaint on March 22, 2021, GE included a defense of inequitable conduct as to the '776 patent "for failing to name the proper inventors." Dkt. 70.  But when GE served its initial response to SGRE's interrogatory seeking all bases for GE's inequitable-conduct claim, GE was silent about Booth and silent about supposed-improper inventorship of the '776 patent even though it was well aware of the Booth reference.  At no time did GE provide notice to SGRE through an interrogatory response (or through any other mechanism) that it was intending on asserting, at trial, that SGRE committed inequitable conduct based on improper inventorship of the '776 patent.

Now, a mere few weeks before trial, GE serves a supplemental interrogatory response in which it is now claiming that, based on the Booth reference, the '776 patent is unenforceable due to inequitable conduct based on improper inventorship. Ex. B.  Again, as demonstrated above, GE was well aware of the Booth reference before the opening report was served.  In fact, GE had previously asserted that the Booth reference was improperly withheld during prosecution as a basis for inequitable conduct. Dkt. 70.  If GE wanted to rely on Booth and include a defense of inequitable conduct based on improper inventorship, it should have done so before the close of fact discovery.  It is simply too late for GE to do so now.

SGRE expects that GE will argue that this Court's clarification of "hollow chamber" makes its new inequitable conduct defense proper. Specifically, SGRE expects that GE will argue that the clarification somehow led GE to conclude that the proper inventors were not named in the '776 patent. But again, GE was well aware that SGRE was taking the position all along that "hollow chamber" does not have to be completely empty, consistent with this Court's clarification. Thus, GE could have and should have raised this defense during fact discovery based on SGRE's interpretation of "hollow chamber," just as it had done before, in connection with its arguments related to the '413 patent. This Court should strike GE's inequitable conduct defense based on alleged improper inventorship of the '776 patent set forth in GE's supplemental interrogatory response.

## IV.    CONCLUSION

For the reasons set forth above, SGRE respectfully requests that this Court grant this motion and strike Dr. Slocum's supplemental expert report as detailed above, along with GE's new inequitable conduct defense raised in GE's recently-served supplemental interrogatory response.

Respectfully submitted this 19th day of April, 2022.

/s/ Cory C. Bell

CORY C. BELL, ESQ.  BBO #705214
ALISSA K. LIPTON, ESQ.  BBO #678314
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
Two Seaport Lane
Boston, Massachusetts 02210
Telephone (617) 646-1600
Facsimile (617) 646-1666
cory.bell@finnegan.com
alissa.lipton@finnegan.com

ROBERT W. THIELHELM, JR., ESQ. (PHV)

BAKER & HOSTETLER LLP
200 S. Orange Avenue, Suite 2300
Orlando, Florida 32801
Telephone (407) 649-4000
Facsimile (407) 841-0168
rthielhelm@bakerlaw.com

LEIF R. SIGMOND, JR., ESQ. (PHV)
MICHAEL D. GANNON, ESQ. (PHV)
STEPHANIE J. NELSON, ESQ. (PHV)
BAKER & HOSTETLER LLP
One N. Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone (312) 416-6200
Facsimile (312) 416-6201
lsigmond@bakerlaw.com
mgannon@bakerlaw.com
sjnelson@bakerlaw.com

DANIEL J. GOETTLE, ESQ. (PHV)
JOHN F. MURPHY, ESQ. (PHV)
STEPHANIE M. HATZIKYRIAKOU, ESQ. (PHV)
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103-7501
Telephone (215) 568-3100
Facsimile (215) 568-3439
dgoettle@bakerlaw.com
johnmurphy@bakerlaw.com
shatzikyriakou@bakerlaw.com

ELIZABETH N. SNEITZER, ESQ. (PHV)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036
Telephone (202) 861-1680
Facsimile (202) 861-1783
esneitzer@bakerlaw.com

*Attorneys for Plaintiff, Siemens*
*Gamesa Renewable Energy A/S*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, April 19, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will simultaneously serve as notice of such filing to counsel of record to their registered electronic mail addresses.

/s/ Cory C. Bell
CORY C. BELL, ESQ.  BBO #705214