```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                       )
SIEMENS GAMESA                         )
RENEWABLE ENERGY A/S,                  )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )   CIVIL ACTION
                                       )   NO. 21-10216-WGY
GENERAL ELECTRIC CO.,                  )
                                       )
            Defendant.                 )
_____ )
```

YOUNG, D.J.                                          September 7, 2022

**FINAL JUDGMENT INCLUDING PERMANENT INJUNCTION**

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT JUDGMENT IS HEREBY ENTERED IN THIS MATTER AS FOLLOWS:

1. For purposes of Fed. R. Civ. P. 54, Plaintiff Siemens Gamesa Renewable Energy A/S ("SGRE") is the prevailing party in this action.

2. Defendant General Electric Company ("GE") has infringed claims 1 and 2 of SGRE's U.S. Patent No. 9,279,413 ("'413 Patent") under the doctrine of equivalents by offering for sale and selling Haliade-X wind turbines.

3. GE has literally infringed claims 8 and 11 of the '413 Patent by offering for sale and selling Haliade-X wind turbines.

4. Claims 1, 2, 8, and 11 of the '413 Patent are not invalid and are not unenforceable.

5. GE does not infringe asserted claims 1, 2, 3, 6, and 7 of SGRE's U.S. Patent No. 8,575,776 ("'776 Patent").

6. Claims 1, 2, 3, 6, and 7 of the '776 Patent are not unenforceable and are not invalid as anticipated but are invalid as obvious.

7. Claims 1, 2, 3, 6, and 7 of the '776 Patent are invalid for lack of written description.

8. Pursuant to 35 U.S.C. § 283 and Rule 65 of the Federal Rules of Civil Procedure, the Court finds that SGRE would suffer irreparable injury if GE is not enjoined from infringing the '413 Patent, that remedies at law are inadequate to compensate SGRE for such injury, that the balance of hardships warrants entry of a permanent injunction as set forth below, and that such injunction would not disserve the public interest.

9. Except as provided in the "Carve Outs" set forth below in paragraph 10, GE, its subsidiaries, agents, servants, employees, counsel, and all persons and entities acting in concert therewith (the "Enjoined Parties") are hereby permanently enjoined for the life of the '413 Patent (through June 12, 2034) from making, using, offering for sale, selling, importing (into), or

installing in the United States (including on or attached to the Outer Continental Shelf):

   a. the adjudged infringing Haliade-X wind turbines, and

   b. any wind turbines that are substantially similar to and/or not more than colorably different from the adjudged infringing Haliade-X wind turbines with respect to those elements proven to satisfy the limitations of claims 1, 2, 8 and 11 of the '413 Patent.

10. Carve Out A: This permanent injunction shall not prevent the Enjoined Parties from making (e.g., manufacturing and assembling), using (e.g., installing, operating, repairing, maintaining, servicing, and replacing), or importing 62 (sixty-two) infringing Haliade-X turbines for the Vineyard Wind 1 Offshore Energy Project in accordance with the Turbine Supply Agreement and/or the Service and Maintenance Agreement between GE and Vineyard Wind 1, LLC, both dated June 4, 2021 ("GE-Vineyard Wind 1, LLC Agreements"), and any amendments thereto. For avoidance of doubt, the total number of Haliade-X wind turbines permitted under this Carve Out is limited to 62 (sixty-two) turbines, regardless of any amendments to the GE-Vineyard Wind 1, LLC Agreements.

[3]

    Carve Out B: This permanent injunction shall not prevent the Enjoined Parties from making (e.g., manufacturing and assembling), using (e.g., installing, operating, repairing, maintaining, servicing, and replacing), or importing infringing Haliade-X turbines for the Ocean Wind 1 Project, on Bureau of Energy Management Lease OCS-A 0498 under development by Ocean Wind LLC, pursuant to a Turbine Supply Agreement between Ocean Wind and LLC and GE dated December 18, 2020, and any schedules, annexes, and amendments thereto (see TX-0081), provided that 100% of the funds to be paid to GE after the date of this injunction shall be deposited in an interest bearing account in the registry of this Court until, upon further hearing, this Court determines an appropriate exemplary royalty rate for this project.

11. For each infringing Haliade-X wind turbine installed at Vineyard Wind 1 Offshore Energy Project, GE shall pay SGRE a royalty consisting of $30,000 per megawatt of rated capacity within 30 days after the end of the month in which the Haliade-X wind turbine was installed.

12. GE shall provide a copy of this Judgment Including Permanent Injunction to each of its existing and prospective customers that GE has had discussions with developing wind farms in the United States (including on

[5]

or attached to the Outer Continental Shelf) within 20 days of the date this Judgment is entered.

13. Nothing in this injunction shall prohibit the Enjoined Parties from designing around SGRE's valid and infringed '413 patent claims and application to modify this injunction on this ground may be made to this Court at any time.

14. This Court shall retain jurisdiction to enforce the provisions of this injunction.

**SO ORDERED.**

                                          /s/ William G. Young
                                          WILLIAM G. YOUNG
                                          DISTRICT JUDGE